## UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI

In Re: JAMES L. RAMSEY                                         CHAPTER 13
                                                              NO. 21-12149 JDW

### RESPONSE TO UNITY BANK'S MOTION FOR RELIEF FROM
### § 362 AUTOMATIC STAY AND FOR ABANDONMENT OF PROPERTY

COMES NOW, Debtor, JAMES L. RAMSEY, in the above styled and numbered cause, by and through undersigned counsel, and files this his Response to Motion for Relief from § 362 Automatic Stay and for Abandonment of Property, said Motion (Dkt. #29) having been filed by Unity Bank fka Merchants & Farmers Bank ("Unity"), respectfully showing unto the Court as follows:

1. The allegations of paragraph one of the Motion are admitted.

2. The allegations of paragraph two of the Motion are admitted.

3. The allegations of paragraph three of the Motion are admitted.

4. Debtor paid his house note directly to Unity as required under the confirmed plan for the months of January through May, 2022, but failed to pay the May and June, 2022 payments because of a mistake made by Debtor's employer that left him without his medicare and any other insurance resulting in the Debtor being required to pay $4,000.00 for medications since he filed his case.

5. Although the Debtor failed to complete his prior Chapter 13 Plans, Unity's claim has been reduced substantially during the prior cases and with the reduction in the amount owed and the increase in value, Unity is adequately protected.

6. The allegations of paragraph six of the Motion are denied.

7. The allegations of paragraph seven of the Motion are denied. However, Debtor agrees that the post-petition arrears together with Unity's attorney's fees and costs can be placed in the plan, with the plan modified to provide for the payment of these amounts through the plan.

8. The allegations of paragraph eight of the Motion are admitted to the extent that the monthly payments being made along with the arrears and fees being paid through the Plan should be sufficient adequate protection.

WHEREFORE, Debtor prays that this Court enter its Order denying the Motion for Relief from § 362 Automatic Stay and for Abandonment of Property filed by Unity Bank. Debtor prays for such other, further and general relief to which he may be entitled.

>Respectfully Submitted,
>JAMES L. RAMSEY, Debtor
>
>By: /s/ Robert Gambrell
>ROBERT GAMBRELL, Attorney for
>Debtor; MSB #4409
>GAMBRELL & ASSOCIATES, PLLC
>101 Ricky D. Britt Blvd., Ste. 3
>Oxford, MS 38655
>Ph: (662)281-8800 / Fax: (662)202-1004
>rg@ms-bankruptcy.com

## CERTIFICATE OF SERVICE

I, ROBERT GAMBRELL, Attorney for the above listed Debtor, do hereby certify that the following have been served electronically via ECF the above Response to Motion for Relief from § 362 Automatic Stay and for Abandonment of Property to:

David W. Asbach, Acting U. S. Trustee
Locke D. Barkley, Chapter 13 Trustee
William F. Schneller, Attorney for Unity Bank
and to all parties that have entered an appearance requesting service via ECF

Dated this the 5th day of July, 2022.

>/s/ Robert Gambrell
>ROBERT GAMBRELL